**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ARMANDO H. R.,

Petitioner,

v.

TODD BLANCHE, *Attorney General*; MARKWAYNE MULLIN, *Secretary of Homeland Security*; DAVID VENTURELLA, *Director of U.S. Immigration and Customs Enforcement*; MARCOS CHARLES, *Executive Associate Director for Enforcement and Removal Operations*; DAVID EASTERWOOD, *Field Office Director for Enforcement and Removal Operations*; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY; JOEL BROTT, *Sheriff of Sherburne County*,

Respondents.

Case No. 26-cv-4208 (LMP/EMB)

**ORDER GRANTING HABEAS PETITION**

---

Nicholas Ratkowski, **Ratkowski Law PLLC, St. Paul, MN**, for Petitioner.

Derek Ganzhorn, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents. Respondent Joel Brott, Sherburne County Sheriff, has not participated in these proceedings.

Petitioner Armando H. R.[2] brings a petition for writ of habeas corpus, challenging the legality of his arrest and detention. For the following reasons, the petition is granted, and the Court orders Armando's release from detention.

**BACKGROUND**

Armando is a native and citizen of Mexico who entered the United States in 2022. ECF No. 1 ¶ 42; ECF No. 6-1 at 2. He lives in Bismarck, North Dakota, where he works in meal preparation at a restaurant. ECF No. 1 ¶ 43. Armando does not have a criminal record. ECF No. 6-1 at 3. In 2022, United States Border Patrol arrested and removed Armando. *Id.*

On the morning of September 22, 2026, Immigration and Customs Enforcement ("ICE") was "conducting a joint targeted enforcement operation." *Id.* at 2. At 5:30 a.m., ICE agents observed Armando leaving his apartment in his vehicle. *Id.* at 2–3. ICE agents "maintained constant visual surveillance of the vehicle," until they pulled Armando over to the side of the road. ECF No. 6-1 at 3; ECF No. 1 ¶ 49. Armando gave agents his North Dakota identification card, told them that he has a pending political asylum case, and admitted to being a Mexican citizen and national. ECF No. 1 ¶¶ 51–53; ECF No. 6-1 at 3. ICE officers took Armando into custody, and later that day served him with an I-200 administrative arrest warrant, ECF No. 6-2, and a Notice to Appear in removal proceedings,

2 The Court uses the petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initials of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

ECF No. 6-3. ECF No. 1 ¶¶ 56–58; ECF No. 6-1 at 3. Armando is detained at Sherburne County Jail in Elk River, Minnesota. ECF No. 1 ¶ 62.

On September 29, 2026, Armando filed this habeas petition. ECF No. 1. Armando first argues that he is entitled to immediate release because ICE agents violated federal law regarding warrantless arrests. *Id.* ¶¶ 65–69. Armando also claims that his detention violates his due process rights. *Id.* ¶¶ 70–73. The Court ordered the Government to respond to Armando's petition no later than October 7, 2026. ECF No. 4. The Government and Armando timely responded. ECF No. 5; ECF No. 7.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

Armando asserts that he is entitled to immediate release because ICE agents violated federal law regarding warrantless immigration arrests. ECF No. 1 ¶ 69.[3] "As a general rule, it is not a crime for a removable alien to remain present in the United States," so authorities may not arrest "someone based on nothing more than possible removability." *Arizona v. United States*, 567 U.S. 387, 407 (2012). Instead, the "federal statutory structure

---

[3] The Government acknowledges that it did not have a warrant at the time of Armando's arrest. ECF No. 5 at 2.

instructs when it is appropriate to arrest an alien during the removal process." *Id.* Relevant here, 8 U.S.C. § 1226(a) allows the Attorney General to "exercise discretion to issue a warrant for an alien's arrest and detention." *Id.* But if "no federal warrant has been issued, [ICE] officers have more limited authority," *id.*, and ICE may arrest a noncitizen only when an officer has "reason to believe" (1) that a noncitizen is in violation of the immigration laws; and (2) "is likely to escape before a warrant can be obtained for his arrest."[4] 8 U.S.C. § 1357(a)(2). The language "reason to believe" in 8 U.S.C. § 1357(a)(2) "means constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

The Government meets the first prong for a warrantless arrest. Based on Armando's previous immigration history and his own truthful admission that he is a Mexican national and citizen, ECF No. 6-1 at 3, ICE had reason to believe that Armando was in violation of immigration laws at the time of his arrest.

The Government does not satisfy the second prong. Armando is correct that ICE officers had no basis to conclude that he was likely to escape before a warrant could be obtained. ECF No. 1 ¶ 68. "Likely to escape" under 8 U.S.C. § 1357(a)(2) means "'likely to evade detention by immigration officers.'" *Walther Ademir A. S. v. Blanche*, No. 26-

[4] Armando and the Government disagree as to whether 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226 governs the detention of noncitizens apprehended inside the United States. *See* ECF No. 1 ¶ 39; ECF No. 6 at 7; ECF No. 7 at 18 n.2. The Court need not address that question here. Warrantless arrests must comply with the requirements of 8 U.S.C. § 1357(a)(2). *See Muse v. Mullin*, No. 26-cv-4024-CJW-MAR, 2026 WL 1008532, at *2–3 (N.D. Iowa Apr. 14, 2026); *Francisco M. A. v. Blanche*, No. 26-cv-2032 (JRT/EMB), 2026 WL 1229701, at *2 (D. Minn. May 5, 2026). The Government does not contend otherwise.

cv-2804 (LMP/SGE), 2026 WL 1734906, at *3 (D. Minn. June 16, 2026) (quoting *Hussen v. Noem*, 822 F. Supp. 3d 944, 988 (D. Minn. 2026)). And that inquiry "considers not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizen at 'another clearly identifiable location.'" *Id.* (quoting *Escobar Molina v. U.S. Dep't of Homeland Sec.*, No. 25-cv-3417 (BAH), 2026 WL 1256234, at *10 (D.D.C. May 7, 2026)). Accordingly, the relevant inquiry is not simply whether Armando was likely to leave the scene before ICE officers could obtain a warrant but whether it was likely that ICE officers would be able to locate Armando after obtaining a warrant. *Id.*

The Government contends that probable cause exists because Armando was "in an operable motor vehicle, and clearly posed a risk of escape." ECF No. 5 at 4. But the fact that a noncitizen is in a vehicle at the time of the encounter only addresses "one part of 18 U.S.C. § 1357(a)(2)'s temporal requirement—risk of flight at the scene of the encounter." *Jorge Anibal P. P. v. Blanche*, No. 26-cv-3125 (LMP/LIB), 2026 WL 2017765, at *4 (D. Minn. July 13, 2026). That Armando was driving a vehicle suggests nothing about his "risk of flight after the time agents could have obtained a warrant." *Id.* To the contrary, the facts here suggest that ICE would have had no difficulty relocating Armando. ICE knew Armando's address and had waited for him outside his apartment early that morning in a "targeted enforcement operation." ECF No. 6-1 at 2.[5] ICE also knew the license plate

[5] Given that ICE—quite clearly—planned on arresting Armando when they began surveilling his house, it is puzzling why ICE did not first take the easy step of securing the necessary warrant in advance.

of Armando's vehicle. *Id.* at 3. And ICE had previously removed Armando in 2022, *id.*, so ICE agents had other identifying information. These facts undermine any claim that agents would have "trouble finding [Armando] again if they had released him while they obtained a warrant." *United States v. Bautista-Ramos*, No. 18-cr-4066-LTS, 2018 WL 5726236, at *7 (N.D. Iowa Oct. 15, 2018), *report and recommendation adopted*, 2018 WL 523948 (reaching this conclusion when ICE knew the noncitizen's name, place of employment, and had "leads on his address"); *see Juan J. M. E. v. Easterwood*, No. 26-cv-2270 (KMM/EMB), 2026 WL 1746672, at *3 (D. Minn. June 8, 2026) (finding that warrantless arrest was unlawful because ICE agents "could have released [the noncitizen], confirmed his immigration status, and then obtained a warrant before re-arresting him at his now-known home or work addresses"), *report and recommendation adopted*, 2026 WL 1747756 (D. Minn. June 17, 2026).

The Government relies on *United States v. Quintana*, but it is unhelpful. *See* ECF No. 5 at 3–4 (citing 623 F.3d 1237). There, the Eighth Circuit found a likelihood of escape when a noncitizen was stopped while speeding in a car registered in a distant state, told an officer he was heading back to that distant state, provided false information to the arresting officer, and was suspected of drug trafficking. *See Quintana*, 623 F.3d at 1238, 1241. Here, ICE was targeting Armando for arrest. ICE knew where Armando lived, where he worked, what vehicle he drove, and what he looked like. ECF No. 6-1 at 2–3. Armando provided officers with his identification and truthful information about his status in the country. He did not run, resist, or attempt to leave. ECF No. 1 ¶¶ 51–55. Unlike in

*Quintana*, the Government here did not have probable cause to find that Armando was likely to escape.

The Government alternatively suggests that, even if the officer made an unlawful warrantless arrest, the proper remedy is not release. ECF No. 5 at 4–6. But this Court and many others have disagreed. *See Walther Ademir A. S.*, 2026 WL 1734906, at *4 (collecting cases). As a result, because the Government did not have probable cause to conclude that Armando was "likely to escape" when they arrested him without a warrant, the Court orders the Government to release Armando.[6]

## CONCLUSION

For these reasons, and based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Armando H. R.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** to release Armando H. R. from custody and with all personal property by no later than 5:00 p.m. on October 10, 2026;

3. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than 5:00 p.m. on October 13, 2026; and

4. If the Government seeks to retain Armando H. R.'s property, the Government's status report must include: (a) the property retained and (b) the legal basis on which the property is retained.

---

[6] Because the Court grants Armando's release from custody on statutory grounds, the Court need not address Armando's constitutional arguments.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 8, 2026

*s/ Laura M. Provinzino*
Laura M. Provinzino
United States District Judge